**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| MORRIS C. BUEALE, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | Civil No. 2:22-cv-00725-JMG |
| | : | |
| CORRECTIONAL OFFICER DRINKS, *et al.*, | : | |
|     Defendants. | : | |

_____

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                   **September 29, 2023**

## I.   INTRODUCTION

Before the Court is a motion to dismiss for failure to state a claim presented by Correction Officer Ronel Carter. ECF No. 27. For the reasons stated herein, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, the complaint is dismissed in part without prejudice.

## II.   <u>BACKGROUND</u>

Plaintiff, Morris C. Bueale, proceeding *pro se*, initiated the instant action by filing a complaint on February 22, 2022 (the "Complaint"). The claims are against six named defendants, including Correction Officers: Bonds, Carter, Christian, and Drinks. *See* ECF No. 2. Commissioner Blanche Carney is also listed as a Defendant along with the Philadelphia Department of Prisons. The City of Philadelphia was added as a Defendant for purposes of service only.

Plaintiff's Complaint is drafted using a 42 U.S.C. § 1983 Civil Rights Complaint Form. *See id.* Section V of the form, "Statement of Claim," instructs plaintiffs to:

> State here as briefly as possible the facts of your case. Use plain language and do not make legal arguments or cite cases or statutes. State how each defendant violated your constitutional rights. Although you may refer to any person, make claims only against the defendants listed in the Caption, Section I. Make only claims which are factually related. Each claim should be numbered and set forth in a separate paragraph with an explanation of how the defendants were involved. Use the reverse of this page or a separate sheet of paper if you need more space.

*See id*. at pg. 5. Because of this instruction, Plaintiff's Complaint includes three separate narratives that detail his alleged facts against the various Correction Officers. However, against the direction's dictation, the claims do not appear to be factually related.  His second narrative details all the alleged facts and complaint against Correction Officer Carter. *See* ECF 2-1 at 3-4. In that second narrative, the Plaintiff alleges that Correction Officer Carter did not like him and refused to allow the Plaintiff to get a haircut. *Id*. The Plaintiff concluded this lack of a haircut negatively impacted the way the jury viewed him which led to his conviction. *Id*.

The other two narratives are not related to the actions of Correction Officer Carter. However, for complete context of the entire complaint, the first narrative describes the Plaintiff's alleged facts where he was locked in his cell throughout the day which deprived him contact with his family by Correction Officer Christian. *See id*. at 1-2. The third narrative details the alleged facts of Correction Officers Drinks and Bonds beating the Plaintiff in his cell. *See id*. at 5-6.

 Plaintiff's Complaint seeks injunction relief from further abuse and compensatory and punitive damages for the head injury. Additionally in the Relief section, Plaintiff states "I also loss my case due to C/O Carter malicious act having a felony will prevent me from obtaining a good job." *Id.* at 5.

Defendants filed a Motion to Dismiss Plaintiff's Complaint on March 3, 2023. *See* ECF No. 27. Plaintiff filed a Response in Opposition on March 31, 2023. *See* ECF No. 30. On April 5,

Defendant Carter filed a Motion for Leave to File Reply In Support of Motion to Dismiss. *See* ECF No. 31.

## III.   LEGAL STANDARD

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## IV.   ANALYSIS
### a.  Defendants' Motion to Dismiss

Defendant contends Plaintiff's Complaint should be dismissed because it "fails to describe conduct that Defendant can plausibly relate to any defined constitutional (or common law) claim." ECF No. 27 at 5. The Court agrees.

Each of the statements made concerning Officer Carter described an action and presented a vague legal conclusion. But the Complaint must do more: Plaintiff must plead facts showing *how* or *why* Plaintiff determined Defendants' conduct was unlawful and violated his Constitutional rights. *See Walker v. Conway*, No. 23-473, 2023 U.S. Dist. LEXIS 101595 at *5 (W.D. Pa. June

3

12, 2023) (dismissing pro se plaintiff's complaint where "Plaintiff alleges no facts to suggest how he arrived at any of those legal conclusions" averred in the plaintiff's complaint); *see also Waris v. Mackey*, No. 09-1103, 2009 U.S. Dist. LEXIS 116961 at *30 (E.D. Pa. Dec. 14, 2009) (holding Plaintiff failed to state an extortion claim, holding "Plaintiff's legal conclusion is insufficient to state a claim; he must plead facts supporting his legal conclusion" and Plaintiff "failed to plead any facts [] showing how he determined Defendants' purpose in the prior litigation was to extort the value of his claim.").

Indeed, "it is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987). Here, Plaintiff's Complaint fails to plead any specific factual allegations of unlawful conduct. Though Plaintiff's Complaint concludes Defendants actions led to a bad impression on the jury because the Plaintiff could not receive a haircut, the Complaint is devoid of factual allegations that, if proven true, would demonstrate *why* the alleged actions amount to a deprivation of rights, privileges, or immunities secured by the Constitution.

Because Plaintiff fails to allege facts supporting his legal conclusions, the Complaint fails to state a claim. "Generally speaking, a complaint that provides adequate facts to establish how, when, where, and why will survive a motion to dismiss." *Rubin v. State Farm Mut. Auto. Ins. Co.*, No. 10cv1651, 2011 U.S. Dist. LEXIS 1613 at *10 (W.D. Pa. Jan. 7, 2011). Here, Plaintiff's Complaint fails to plead sufficient facts demonstrating *why* Defendants' alleged conduct is unlawful. Rather, Plaintiff's allegation is presented in the form of vague legal conclusions. For example, Plaintiff's Complaint alleges "C/O Carter dislike me and refused to allow me to get my

4

haircut…I strongly believe that the lack of having a nice clean haircut was part of the reason I lost my case at trial." ECF No. 2-1 at 3-4.

Although this Court is mindful it must "employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney," pro se plaintiffs "are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim." *Walker*, 2023 U.S. Dist. LEXIS 101595 at *3-4.

Because the Court finds that Plaintiff's Complaint must be dismissed for failure to plead sufficient facts upon which a claim for relief may be stated, and instead impermissibly relies on vague and conclusory allegations, the Court dismisses Plaintiff's complaint on these grounds, and need not examine Defendants' additional arguments in favor of dismissal.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 27) is **GRANTED**. Plaintiff's Complaint is in part **DISMISSED WITHOUT PREJUDICE**.  An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge