**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **MORRIS C. BUEALE** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 2:22-cv-00725-JMG |
| | : | |
| **CORRECTIONAL OFFICER DRINKS, et al.** | : | |
| Defendants. | : | |

---

**MEMORANDUM OPINION**

GALLAGHER, J.                                                            March 24, 2025

## I.    INTRODUCTION

Morris C. Bueale ("Plaintiff"), an inmate at the Philadelphia Industrial Correctional Center ("PICC"), has brought several claims against his correctional officers. Plaintiff claims Defendant Officers Marcus Bond ("Defendant Bond") and Kareem Drinks ("Defendant Drinks") assaulted, battered, and used excessive force against him in violation of his constitutional rights while he was incarcerated. Plaintiff also alleges that Defendant Officer Shade Christian ("Defendant Christian") revealed Plaintiff's rape conviction to other inmates, thereby causing him to be harassed. Defendants say Plaintiff's claims must fail because he has failed to exhaust his administrative remedies, as is required by the Prison Litigation Reform Act ("PLRA"). Ultimately, the Court agrees; it will grant the Defendants' Motion and dismiss Plaintiff's federal claims. The Court will also dismiss Plaintiff's state law claims of assault and battery against Defendants Bond and Drinks, but it does so without prejudice.

## II.     FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed his Complaint (ECF No. 2) and a Motion for Leave to Proceed *in forma pauperis* ("IFP") (ECF No. 1) on February 22, 2022. The Court granted his Motion to Proceed IFP and screened his Complaint under 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 5. In this Order, the Court dismissed some of Plaintiff's claims—some with prejudice, some without prejudice. *See id.* Currently, only the claims against Defendants Bond, Drinks, and Christian (collectively "Defendants") remain.[1]

Plaintiff's Complaint alleges that Defendant Christian harassed him due to his rape conviction: "Everyday C/O Christian was on the unit she told the inmates that was working on the unit she told the inmates that was working on the unit about my charges and told the inmates that I was a rapiest [*sic*] and they should not associate with me." *See* ECF No. 2-1 at 1. He alleges that Defendant Christian "told inmates on the unit to assault [him] because of [his] charges." *Id.* He alleges that he was involved in fights with other inmates as a result of Defendant Christian revealing his rape conviction. *Id.* He further alleges "Defendant Christian told my cellmate to move out of my cell because he was in a cell with a rapiest [*sic*]." *Id.* Other allegations against Defendant Christian include that she "locked [him] in [his] cell every day that she worked in the unit" and "she deprived [him] the opportunity to contact [his] family." *Id.*

Plaintiff also alleges claims sounding in assault, battery, and excessive force against Defendants Bond and Drinks. Plaintiff alleges that on March 17, 2020, he was being escorted back to his cell by Defendant Drinks after Plaintiff had a visit with a mental health counselor. *See id.* at 5. When they returned to the cell, Defendant Drinks instructed Plaintiff to lift his legs so that the

---

[1] Defendant Officer Ronel Carter previously filed a Motion to Dismiss for Failure to State a Claim. *See* ECF No. 27. The Court granted that Motion on September 29, 2023. *See* ECF Nos. 39 & 40.

cuffs could be removed. *See id.* Plaintiff alleges that he asked Defendant Drinks to give him space to lift his legs up, Defendant Drinks said no, then proceeded to use pepper spray, or mace, against Plaintiff. *See id.* Then, he alleges that Defendant Drinks pushed him in his cell. *See id.* at 5-6. Plaintiff alleges that Defendant Drinks called Defendant Bond into the room. *See id.* at 6. When Defendant Bond was there, Plaintiff alleges that both officers proceeded to "punch [him] in [his] face and head multiple times." *Id.* He alleges that this proceeded for "a few minutes." *Id.* He states that after the alleged assault, the was escorted to the medical unit. *Id.* He alleges injuries as a result of this assault: "Above my eyes was swollen and I sustain several bruises to my head. Till this day I still get frequent migran [*sic*] because of that assult [*sic*]." *Id.*

Defendants filed a Statement of Undisputed Facts in Support of their Motion for Summary Judgment. Plaintiff, who is *pro se*, did not. Defendants acknowledge that a use of force incident did occur on March 17, 2020. *See* ECF No. 51 at 15, Undisputed Material Facts ¶ 1. However, the Defendants allege that Plaintiff was insubordinate, and refused to obey an order to return to his cell. *See id.* Defendants reference the use of force report filed by Officer Drinks following the incident. *See* ECF No. 51-1 at 191, DA-189. In the report, Officer Drinks reports that Plaintiff "became aggressive and refused to go into his cell." *Id.* Then, he reported that Plaintiff "lunged at [Officer Drinks] in an aggressive manner" which led to him deploying his mace. *Id.*

After the incident, Defendants allege that Plaintiff was escorted to the medical unit for pepper spray decontamination. *See* ECF No. 51 at 16, ¶ 2. While in the medical unit, photos were taken of Plaintiff. *See* ECF No. 51-1 at 198, DA-196. The medical unit also prepared an examination report when he appeared before them following the incident. *See* ECF No. 51-1 at 199-201, DA-197-99. The report indicates that Plaintiff stated that, following the deployment of the mace, "he was okay" and that Plaintiff "asked to return to the unit." *Id.* at 199, DA-197.

The Defendants' Statement of Undisputed Facts contains a section regarding the exhaustion of Plaintiff's Administrative Remedies. Defendants state that Plaintiff was provided with an Inmate Handbook upon his entry into the PICC. *See* ECF No. 51 at 17, ¶ 18. This handbook outlined the inmate grievance procedure. *See id.* Policy 3.F.10 of Philadelphia Prisons Policies & Procedures ("the policy") governs the internal administrative grievance procedure for inmates. *See id.* at ¶ 13; *see also* ECF No. 51-1 at 176-86, DA-174-84. The policy provides that an inmate may initiate a grievance for "an alleged criminal or prohibited act by a staff member." *See* ECF No. 51-1 at 177, DA 175. The policy provides for two levels of review: Level I review is done by the Deputy Warden and the Warden and Level II review is done by the Commissioner. *See* ECF No. 51 at 17, ¶ 16. An inmate must appeal a Level I decision to Level II in order to exhaust his administrative remedies. *See id.* The policy also provides that: "Expiration of a time limit at any stage of the process shall entitle the grievant to move to the next level of the process, unless the grievant has agreed in writing to an extension of the time for a response." *See* ECF No. 51-1 at 178, DA-176.

Defendants put forth that the PICC's grievance system, known as the Lock&Track system, is devoid of any grievances filed by Plaintiff about the alleged incidents involving the Defendants. *See* ECF No. 51 at 17, ¶¶ 20-21. Plaintiff, however, avers that he did file a grievance. *See* ECF No. 2-1 at 2 ("I put in multiple grievances against C/O Christian but never got a response from administration."); *see also* ECF No. 51-1 at 79, 41:1-20; *id.* at 85:21-87:13. The grievances that he has purported to file against Defendants Bond and Drinks have been provided in the record. *See id.* at 29-30 (Philadelphia Department of Prisons Inmate Grievance Forms dated March 18 and 28, 2020). Defendants filed the instant Motion for Summary Judgment on June 11, 2024. *See* ECF No. 51. Plaintiff filed his brief in opposition on September 30, 2024. *See* ECF No. 60.

III.    STANDARD OF REVIEW

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020). A fact is material if "it might affect the outcome of the suit under governing law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party moving for summary judgment must "identify[ ] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In response, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252).

In applying this standard, the court must "construe the evidence in the light most favorable to the non-moving party." *Anderson*, 477 U.S. at 255. At the summary judgment stage, the court's role is not to weigh the evidence and determine the ultimate truth of the allegations. *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019); *see also InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 160 (3d Cir. 2003) ("When analyzing the evidence under this summary judgment standard, a court is not to weigh the evidence or make credibility determinations; these

tasks are left for the fact-finder." (internal quotation marks omitted)). Instead, the court's task is to determine whether there remains a genuine issue of fact for trial. *Id.*

Plaintiff here is *pro se*. Although generally documents filed by *pro se* litigants are to be "liberally construed," "a *pro se* litigant is not relieved of his obligation under Rule 56 to point to competent evidence in the record that is capable of refuting a defendant's motion for summary judgment." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (internal citations omitted).

## IV.    DISCUSSION & ANALYSIS

### a.    Plaintiff Failed to Exhaust his Administrative Remedies

First, pursuant to the Prison Litigation Reform Act, the Court must determine the "threshold issue" of whether Plaintiff has exhausted the administrative remedies available to him. *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Small v. Camden Cnty.*, 728 F.3d 265, 275 (3d Cir. 2013)). The PLRA provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Defendants here have raised the defense that Plaintiff failed to exhaust his claims administratively. *See Small*, 728 F.3d at 268-69 ("Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff." (citing *Jones v. Bock*, 549 U.S. 199, 212 (2007)). "[T]he defendant must prove that the prisoner-plaintiff failed to exhaust *each* of his claims. There is no 'total exhaustion' rule permitting dismissal of an entire action because of one unexhausted claim." *Id.* at 269 (citing *Jones*, 549 U.S. at 220-24).

6

Whether the Plaintiff adequately exhausted his claims is a question for the Court. *See id.* at 269 ("[E]xhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts.").

Here, although the evidence conflicts as to whether Plaintiff exhausted Level I of his administrative remedies, the record is clear that he did not fully exhaust his administrative remedies by appealing to Level II. Accordingly, his federal claims will fail for failure to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 100 (2006) (stating that the PLRA requires prisoners to "exhaust all 'available' remedies" to bring claims in federal court).

The PICC's policy provides that: "Expiration of a time limit at any stage of the process shall entitle the grievant to move to the next level of the process, unless the grievant has agreed in writing to an extension of the time for a response." ECF No. 51-1 at 178, DA-176. Further, the policy states that "If an inmate believes that he/she is being denied access to the grievance process . . . the inmate may forward his/her grievance directly to the Commissioner." *Id.* at 181, DA-179. Plaintiff testified at his deposition that he submitted grievances, but he "never heard back." *See id.* at 79:1-13.

Other courts in this district have found lack of exhaustion where a plaintiff (1) purported to file a Level I grievance and (2) failed to appeal an alleged non-response of that Level I grievance to Level II. *See Kemp v. PICC*, Civ. A. No. 14-3819, 2016 WL 1106872, at *10 (E.D. Pa. Mar. 22, 2016) (dismissing claim for failure to exhaust where there was "no evidence in the record that the plaintiff appealed to the Commissioner when the deputy warden or warden did not respond to his purportedly-filed grievance"); *McKinney v. Giorla*, Civ. A. No. 11-4188, 2013 WL 553047, at *3 (E.D. Pa. Feb. 14, 2013) ("[Plaintiff] asserts he received no response to his grievances and admits he took no steps to appeal because there was no response. Under the Policy, however, [plaintiff]

could have appealed or forwarded his grievances to the Commissioner. Because he failed to do so, [plaintiff] has failed to exhaust his administrative remedies."); *Wilson v. Burke*, Civ. A. No. 09-2961, 2012 WL 4108926, at *5 (E.D. Pa. Sept. 18, 2012) (finding Plaintiff failed to exhaust administrative remedies because there was "no evidence that [p]laintiff appealed to the Commissioner when his initial grievances went unanswered.").

This Court agrees. While the Court acknowledges that there may be a question of fact as to whether Plaintiff adequately exhausted Level I of his administrative remedies as it pertains to Defendants Bond and Drinks, the record is devoid of any evidence that Plaintiff appealed this alleged non-response, as the policy provides for him to do.[2] Because Plaintiff failed to appeal his grievance, after he alleges that he received no response from the Warden or Deputy Warden, he failed to exhaust his administrative remedies in compliance with the prison's policies and as required by the PLRA. Thus, summary judgment is proper for all of Plaintiff's federal claims.

**b.  State Law Claims of Assault and Battery are Dismissed Without Prejudice**

Plaintiff's federal claims are dismissed, as they have not been sufficiently exhausted. However, Plaintiff's state law claims of assault and battery against Defendants Bond and Drinks remain. *See* ECF No. 51 at 4 (acknowledging Plaintiff has brought state law claims of assault and battery). The Third Circuit has declined to "decide [ ] whether state law claims must be exhausted under the PLRA." *Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013). In *Spencer*, the panel found that the magistrate judge "should have declined to exercise supplemental jurisdiction over [the state law] claims." *Id.* The panel dismissed those claims without prejudice so the plaintiff could "pursue [ the state law] claims in state court." *Id.*

---

[2] The record is even less clear as to whether *any* grievance was filed as to Defendant Christian. Accordingly, dismissal of the claims against her for failure to exhaust is proper as well.

The Court will follow the *Spencer* court's lead here. The Court declines supplemental jurisdiction over Plaintiff's state law claims of assault and battery. *See Guaman v. Wetzel*, Civ. A. No. 2:21-cv-1121, 2022 WL 17851627, at *4 (W.D. Pa. Dec. 21, 2022) ("[T]he Court of Appeals has held that, absent extraordinary circumstances, pendent jurisdiction should be declined where the federal claims are no longer viable." (citing *Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984)). The Court dismisses Plaintiff's state law claims "without prejudice to his ability to pursue those claims in state court" and "express[es] no opinion on his likelihood of prevailing in that forum." *Spencer*, 543 F. App'x at 213.

## V.    CONCLUSION

Because Plaintiff has failed to exhaust the administrative remedies available to him, as required under the Prison Litigation Reform Act, the Court grants Defendants' Motion for Summary Judgment. Plaintiff's federal claims are dismissed with prejudice. Plaintiff's state law claims are dismissed without prejudice. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

9